Filed 9/25/14  P. v. Henson CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G049599 |
|  v. | (Super. Ct. No. 12WF1578) |
| JONATHAN HENSON, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Appellant Jonathan Henson was convicted by a jury of carjacking (Pen. Code, § 215) and it was found to be true that he personally used a firearm within the meaning of Penal Code section 12022.53, subdivision (b). He was sentenced to the low-term of three years for the carjacking and 10 years was added for the firearm conviction.

He filed a timely appeal and we appointed counsel to represent him on appeal. While not arguing against appellant, counsel filed a brief which fully set forth the facts of the case and advised us there were no arguable issues on appeal. The brief included a review of the record and consideration of possible arguments, but concluded none of those arguments had any chance of success.

We informed appellant he had 30 days to file written argument in his own behalf. More than three months have passed, and we have received no such argument, so it appears he does not intend to file one. We have reviewed the record of appellant's trial and the brief filed by his counsel. We can find no flaw in the court's actions in this case, and find ourselves in agreement with appellate counsel: There is no arguable error in the proceedings against appellant. (*People v. Wende* (1979) 25 Cal.3d 436.)

FACTS

Late one night in 2006, Nguyen Vu got into his 2001 BMW. He noticed three men in their early twenties walking toward him, two apparently Hispanic, the third apparently Caucasian, all wearing sweatshirts. One knocked on his window. As Vu rolled down the window, the man ordered him out of the car and showed the semiautomatic handgun with which he had knocked on the window. He told Vu he would shoot him if he did not get out of the car. When Vu did so, the man told him to go home. The three men got into the car and drove off.

Police found the BMW three hours later. There was a high-speed chase which ended when the BMW crashed into a planter. The four Hispanic men in the car

2

escaped, but a search of the vehicle turned up methamphetamine in a plastic baggie and two sweatshirts.

DNA testing on the baggie and sweatshirts provided the names of appellant and one other suspect. Vu was unable to identify the other suspect – who turned out to be an associate of appellant – but he did pick out appellant who, despite his name, is of Hispanic heritage, and made a tentative identification: he said the photo of appellant looked like the man with the gun, but he looked older in the photo and Vu could not say he was one hundred percent sure.

A duly-qualified forensic scientist testified the odds against the DNA found on one of the sweatshirts matching someone other than appellant were roughly 1 in 4,000. The odds against it matching someone other than appellant's associate were 1 in one trillion.

## DISCUSSION

We have carefully scrutinized the trial record. The case was unremarkable in its facts and without any flaws that would have formed the basis of a convincing defense. Defense counsel argued the uncertainty of the identification and the fact the DNA evidence would have included many people other than defendant. One in 4,000 is hardly definitive in a county of three million next door to a megalopolis.

But the ineluctable fact is defendant was picked out of a photo showup, the DNA matched his, and DNA found on other items in the car matched that of an admitted associate of appellant. This is hardly an open-and-shut case, but it was clearly enough to support the jury's verdict, and we have no power to second-guess their factual call.

The trial presented no rulings or problems beyond those encountered in every such trial. We found no evidentiary mistakes or instructional error. Viewing the evidence in the light most favorable to the verdict, as we are required to do (*People v. Young* (2005) 34 Cal.4th 1149, 1180), there was plenty here that was reasonable, credible, and of solid value to support a verdict beyond a reasonable doubt. (*People v.*

*Johnson* (1980) 26 Cal.3d 557, 578.)

## DISPOSITION

Appellate counsel was right:  there are no issues on appeal.  The judgment is affirmed.


BEDSWORTH, ACTING P. J.


WE CONCUR:


MOORE, J.


IKOLA, J.